Mayor, could you call to order the next case, please? Case number 15-1876, Aspen American Insurance v. Interstate Warehousing, Inc. All right. Mayor Casas, please approach. And please state your names for the record. Good morning, Your Honor. Kim Jansen. I'm representing Interstate Warehousing, Inc. Okay. Good morning, Your Honor. Timothy McGovern for Aspen American Insurance Company. Okay. Fifteen minutes apiece. Time for rebuttal. I would like to reserve three minutes, please. Okay. Thank you very much. Thank you. You may proceed whenever you're ready. Mayor, please, the court. In this appeal, we have presented two issues, one of which I think is really easy and one of which I think is a little bit more complicated. And naturally, I would like to focus on the easy one. The question of the extent of personal jurisdiction within the bounds of due process. The doing business test for the exercise of general jurisdiction was for a very long time a familiar and well-recognized test. But the United States Supreme Court, a couple of years ago, in the Dinah decision, has simply rejected that test. That test is gone, and it has now been replaced with a test of whether or not a corporation is at home in the form of jurisdiction. And what the court means by at home has been explored to some degree in the Dinah decision. And as Seventh Circuit KIPP recognized, the Dinah court has recognized thus far only two locations, what the court referred to as paradigm bases, in which a corporation would be considered at home for purposes of general jurisdiction. And that is the state of incorporation and the principal place of business. Now in this case, all of those states are in Indiana for interstate warehousing, not in Illinois. As counsel has observed, the court in Dinah did acknowledge that there is a possibility that personal jurisdiction, that general jurisdiction, will extend beyond those two paradigm bases for the exercise of general jurisdiction. But the court was clear that that would only happen in exceptional circumstances. As Judge Woodson, the KIPP decision, referred to that in conditions that adhere to the stringent criteria set out in both the Goodyear and the Dinah decisions. And those criteria, as the court was very explicit, require more than simply substantial, continuous, and systematic course of business that was once thought to suffice under the doing business test. In this case, there are no circumstances that come anywhere near exceptional circumstances. We've got a corporation incorporated in Indiana. It's the principal place of business in Indiana. It's only contacted with Illinois as it is a member of an LLC, which, while also organized and with its principal place of business in Indiana, operates a warehouse in Illinois. Should we consider the fact that in their correspondence they indicate that they're located in Illinois? In some of the correspondence that was exchanged in this case? There's a letterhead that lists a number of affiliated warehouses, including the one in Peoria, I'm sorry, in Joliet. It also includes warehouses in Ohio, in Indiana. I don't have the list, but there's six or seven different states in which affiliated warehouses exist. And that's a situation that was expressly addressed by Gingler. A corporation that operates in many places, even if we consider all those warehouses to be places of business for interstate warehousing, rather than that the one in Illinois is operated by Interstate Warehousing of Illinois, LLC. But even if they're all attributed to Interstate Warehousing, Inc. Let me stop you for a minute. Sure. Is there any case that you have where somebody is a general agent or a general manager, like this person was a general manager of a warehouse, where they were served with process and the process was thrown out? Do you know of any case like that? I don't. And I'm happy to move on to the question of service as well. The cases on service of process and on defining. Just answer my question, yes or no. Do you know of any case where the service was thrown out when somebody is a general manager? I do not know of any case. Do you want to know why you don't? Because there aren't any. There aren't. I also, however, do not know of any case in which the general manager of a warehouse was served at an affiliate's location and the court found that that was good service. I don't know of a case in which the court has ruled one way or another with respect to the general manager of a warehouse. Okay. Go ahead. Proceed with your. Okay. So, turning to the issue of service, the cases have set out sort of two different standards, depending on the cases. And some of the cases apply a standard of whether or not the person who is served has the ability to comprehend the importance of service of process. And don't we have that here because he did pass it on to his superiors, unlike some of the other cases where, you know, there wasn't a communication between the person who received service and the higher-ups in the organization. And I agree. I am not going to attempt to argue that Mr. Schaeffer wasn't an intelligent individual. You know, I don't know from the record how quickly he passed it on, but he does appear like an intelligent individual, a good head on his shoulders, a good employee. But the problem is that that test relies solely on the ability of the person to comprehend whether or not service is important. It's a bad test in general because it doesn't provide predictability to either plaintiffs or defendants. It should not be a test. It should be what several of the other cases, and in some cases merge the two together, refer to the character of the employee's position. What is the nature of the position that the employee holds? So, you know, is this somebody who is employed in a position like a receptionist in many of the cases? That's their job. They receive communications coming into the company on the phone or at the front desk. I would add to that that somebody who is receiving those communications at the actual defendant's place of business, which is not the case here. Mr. Schaeffer is at the Interstate Warehousing of Illinois warehouse. He's not at an Interstate Warehousing, Inc. office or location. But I think looking to the character of the employee's position, the nature of their position, what are their duties, what office are they working out of, really provides a much clearer, more predictable test for both plaintiffs and defendants alike. You're not going to have a process server sitting there trying to do their 15-second psychiatric exam, or their BCX to go back to your earlier case, trying to evaluate, is this person smart? Do you think they get it? And then, you know, having to decide after the fact based on, well, if I don't turn it over to my employer, then we can just say that I wasn't able to understand them. Now the service isn't good. But if I do the right thing and I turn it over. Most cited cases in this area tend to be cases that indicate that the individual maybe didn't understand the English language, didn't understand the concept, like in Jasmine, where it was a young immigrant girl who was working at the bakery. So there appears to be more than just the person's position, but also with regards to their ability to comprehend what it is that they received in their hand. Sure. Well, both Jasmine and Daytomorrow, there were potential language issues. But it was also the nature of their position. In both cases, as you said, this was an immigrant girl whose duties had nothing to do with receiving process, receiving any kind of communications. She dealt with deliveries of bread. The individual in Daytomorrow was a stock clerk, somebody who worked the cashier and stock shelves and did things like that. Again, not somebody whose job was, you know, the nature of his job was to receive and respond to communications on behalf of the company. But again, I readily acknowledge that there are cases that suggest both standards. And I acknowledge that the court can go either way. This is why I think the service issue is a little bit more difficult, because, you know, trying to sort out what the best standard is is a little bit more challenging. I think the personal jurisdiction standard question under Daniel is very straightforward. But the Supreme Court was quite clear that- But here, the defendant failed to present any evidence concerning the amount of their business in Illinois. There's two reasons for that. One, it's not the defendant's burden to demonstrate the lack of personal jurisdiction. It is the plaintiff's burden to present evidence that supports personal jurisdiction. Well, once the plaintiff makes his prima facie case, then the defendant has to present something or you don't have anything. But the plaintiff did not present a prima facie case. The defendant presented a prima facie case for the absence of jurisdiction by demonstrating that it is incorporated in Indiana. Its principal place of business is in Indiana. So in all the cases that you find where, you know, you did not find personal jurisdiction, you know, you show evidence that you don't do business in Illinois or very little business in Illinois. And here, the court received no evidence regarding the proportion of the defendant's business derived from his contacts in Illinois. All of those cases have now been rendered obsolete by the Diner decision. The extent of the defendant's business in Illinois is utterly irrelevant because it is not the defendant's primary place of business. I think all those cases predate 2014 Diner. They do. Not one Illinois court has yet in a published decision addressed the Diner decision. And on the Diner, unless you can show this is an exceptional case, which this is a pretty standard one-of-a-kind case in terms of the jurisdictional facts. Jurisdiction exists in the place of incorporation or the principal place of business, both of which in this case are in Indiana. Well, in Diner, the defendant presented evidence of the amount of business that they did within the state of California. That's true, but the court didn't find it significant. The Supreme Court did not consider that an important fact. The Supreme Court found that what was important is, again, where the corporation is at home, and that can't be every place where the defendant does a significant amount of business. Justice Ginsburg, in the majority opinion, observed that Diner does business in a lot of states, does a substantial amount of business in a lot of states. It's not at home in all of those states. It is only at home in one place. They showed every type of evidence to show that they had very slim contacts with California. Very slim contacts. Here, there's no evidence of anything. For the purposes of the decision, the Supreme Court assumed that it could impute to Diner, not just Diner's own slim contacts, but the extensive contacts of its subsidiary, Mercedes-Benz of USA, in California. And it also assumed, for purposes of the decision only, that those contacts were sufficient to render the subsidiary at home in California. And yet, even those extensive contacts attributed or assumed to be attributable to Diner weren't sufficient to support general jurisdiction because Diner was not incorporated in California. Diner's principal place of business was not California. But these are all factors, and all these factors are evidence. You have no evidence in your case. What kind of evidence did you present? We presented evidence that the principal place of business for... That's not sufficient evidence. It absolutely is under the Diner decision. The Supreme Court's decision is, in fact, that that is... Not the way I read that decision. I don't know what you read, but I don't read the... You're taking one sentence out of context. Cases are decided on evidence. You don't have evidence, you don't have the case. Let me ask you this. Diner says slim. So 25 years of doing business in a state with employees situated in that state and being recognized by the Secretary of State of being able to do business, is that considered slim? Being recognized as authorized to do business in Illinois, even under Illinois' own statute, is not sufficient to support general jurisdiction. What about 25 years of doing business in the state? Authorized to do business for 25 years. We have no idea what the nature or the scope of those 25 years of business are. So it applied 25 years ago in 1980-something for authorization to do business in the state? What kind of business has it done? What is the scope? What is the nature? That isn't in the record. And, again, play it for the burden to produce evidence. It's just a patient case. Diner says unless you've got exceptional circumstances, we're going to assume the only places are principal place of business or place of corporation. There's no evidence, none at all, to support exceptional circumstances. Could you please sum up? Sure. I think under that, it's clear that there is no personal jurisdiction over interstate warehousing. In addition, I think that this court should find that service should be found based on the nature of the agent's position rather than simply on his ability to comprehend. For these reasons, I would ask the court to reverse the trial court and remand for dismissal of this case for lack of jurisdiction. Thank you. Counsel? May I speak to the court? Your Honor, I respectfully disagree with counsel's interpretation of Daimler. And I submit to the court that the Daimler court disagrees with counsel's interpretation of Daimler and the Illinois Supreme Court disagrees with counsel's interpretation of Daimler. The Daimler court quoted their previous decision in Goodyear, a case that the Illinois Supreme Court also relied upon in its decision in Russell v. SFNA. And the Daimler court tells us, quoting Goodyear, referencing Goodyear, Goodyear did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business. It simply typed those places paradigm all-purpose forums. So what the court is saying is, yes, if it's a principal place of business or the state of incorporation, there is personal jurisdiction. But what they also tell us is that that's not it. That's just not it. And if we look at the federal test, which I submit is from the Goodyear case and the Daimler court seems to agree, it's continuous and systematic such that a corporation can be found to be at home. So in this case, that interstate warehousing can be found to be at home here in Illinois. The counsel is arguing that we don't know what continuous and systematic is with regards to their business. Well, that's true. But we do know from the record that they have employees here in Illinois, not just employees of this subsidiary LLC, employees of Interstate Warehousing, Inc. because Ryan Schaefer, the general manager, in his affidavit stated he was employed by Interstate Warehousing, Inc. He works here in a facility in Illinois. He has five operational divisions that report to him here in Illinois. They're authorized to transact business here in Illinois. We're not talking about a casual presence. We're talking about daily business conducted here in Illinois. And I submit that that's evidence certainly that there's a home here for Interstate Warehousing, Inc. They are doing business here constantly, and they've asked the state. I would say it would be different if they were operating from their Fort Wayne office and just had, let's say they were doing business with Illinois as opposed to doing business in Illinois. But here we have a very clear distinction. They are here. Your argument is that they're only authorized. Well, I agree that perhaps that's counsel's argument. But they're actually doing business here. They're paying taxes here. As we all know, you have a corporation. You are going to pay taxes to our state. You have an employee. You are going to pay taxes to our state. They have a registered agent here in Illinois. All these things are evidence that they are here, and it meets the at-home standard, which I think is the same standard, and I submit is the same standard as the Illinois Supreme Court gave us in the Russell case, which is that we need continuous and substantial business activity. That's at home, too. I don't think Daimler is the groundbreaking case that counsel created. I'm sorry. Please. I'm trying to remember the case. I have a cold, and so my head is kind of cloudy. But I thought it said that the presence or the business had to be so substantial as to be continuous and I forgot the other word, to make the company at home. And I don't see any evidence, or maybe just because I can't remember, of the substantial business. I haven't seen the exhibits in this case. I just pulled up interstate on the computer and saw seven different locations where they had factories. But it doesn't say anything about the amount of business done in any of those states. I think three places, maybe in Indiana there's something, in Tennessee there's Colorado, there's someplace else. How do we get to the point to say Illinois is, they're at home in Illinois when they're in all of these other places and there's no evidence presented once they bring the motion to dismiss based on a lack of jurisdiction presented by the plaintiff to say, yes, you have substantial contacts in the state of Illinois. The evidence that I remember is that they have one employee, at least from reading what I've read. There's one employee. That's the general manager. That's from the Indiana company and the rest are the other people working there, at least from the record. They're Illinois people. I don't know how much business came in to them or how it relates to the overall warehousing that the parent company does. So where do I get substantial and continuous presence in Illinois to make them at home here? Thank you, Your Honor. And you're right. There are no numbers in the record that I'm aware of as far as business. And whose responsibility is it to bring it once the defense challenges the jurisdiction? Well, Your Honor, I submit that the defendant filed its motion challenging jurisdiction. And we felt, based on the evidence in the record at that time, that it was sufficient. And Judge Callahan agreed with us. If they wanted to say that there was a minimal amount of business in Illinois, that could have been the defense. But as far as their presence here in Illinois, that had already been established with the authorization to transact business. An employee, at least one employee, a facility here in Illinois, reports, taxes, registered agent, all those things. I mean, we could say that probably about every other state that they're located in. And they have three locations, if my recollection serves me, in Indiana. So why shouldn't it, because they have three factories there, that be home to them? Well, and I think, Your Honor, points to an important issue, is that the Supreme Court never said we can have only one home. There's nowhere in the Dino decision where there can only be one home. It's when a court is considering jurisdiction for the purpose of the case, could that defendant be considered at home? And in this case, I would just submit that the evidence reflects that this defendant has enough contacts and business going on in Illinois that they are at home here. Yeah, you just said that. That's my question. I mean, you just said that they have enough contacts. But what you're counting contacts as being incorporated in the state, having the factory in the state, having one employee here, and having the Illinois factory or warehouse on their website and on their letterhead. That's it, right? Sure, Your Honor. Okay. When discussing general jurisdiction, the Illinois Supreme Court tells us essentially a foreign corporation has taken up residence in Illinois. Excuse me. A standard for finding general jurisdiction is very high and requires a showing that a non-resident defendant carried on systematic business activity in Illinois. And as a result of that, the foreign corporation has taken up residence in Illinois. So we have continuous and systematic contacts. This company has been authorized to transact business in Illinois for over 20 years. We have an employee here in Texas and all these things I've already told you and I don't want to repeat myself. But that's enough as far as the at-home standard and I think the Illinois standard of doing business. Could you sum up, please? Thank you, Your Honor. In sum, I think the court below got it right. Interstate warehousing has a continuous and substantial presence such that it's at home in Illinois. And we ask the court to affirm the trial judge. Thank you very much. Rebuttal? Thank you, Your Honors. So counsel relies very heavily on Russell. But Russell, of course, predates the Daimler decision. And the substantial continuous systematic force of business test in Russell is now no longer good law. And I will quote directly from Daimler on that because their words rather than mine are probably influential to you all. In Daimler, the court said, Are you saying that Russell is not good law? I am saying it has now been superseded by Daimler, that Daimler has, yes. Daimler has rejected the test that has been applied by the Supreme Court in Russell. Did that case say Russell is not good law? I don't think the United States Supreme Court considered Russell in deciding the Daimler case in California. Do you know whether Russell is now before the United States Supreme Court? Russell predated Daimler, so no, it did not get appealed based on Daimler. The United States Supreme Court said, Please have us look beyond the exemplar basis of, you identified the place of incorporation and the principal place of business, and approve the exercise of general jurisdiction in every state in which a corporation, quote, engages in a substantial, continuous, and systematic force of business, end quote. And then the Supreme Court goes on to say, That formulation we hold is unacceptably grasping. Unacceptably grasping. There can be little mistake that the Supreme Court has rejected the test that was applied in Russell, that substantial, continuous, and systematic force of business no longer governs general jurisdiction. The United States Supreme Court did recognize that general jurisdiction could be recognized in a form other than a corporation's formal place of incorporation or principal place of business, but at footnote 19 of Daimler, the court says, This possibility would exist only in an exceptional case. In footnote 20, the court says, A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, at home would be synonymous with doing business test-framed before the specific jurisdiction evolved in the United States. The fact that a corporation does business in many states, even substantial business, even continuous business, even systematic business, does not render a corporation at home in every single one of the states in which it does business. Not under Daimler, not anymore. In Daimler, except in an exceptional case, and the exceptional case it refers to is the Perkins case decided many, many, many years ago, in which a Philippines corporation was operating in Ohio, even though its place of incorporation and ordinary place of business were in the Philippines. Because the president's office was there and everything else. And the Philippines were occupied by Japan. And so they thought, yeah, where a corporation has a temporary but principal place of business outside of its normal place of business, in that exceptional circumstance, we'll find general jurisdiction outside of the place of incorporation or the principal place of business. You know, under your theory, you know, you could take a company like State Fire that does business in 50 states, and they're incorporated in, I don't know where they're incorporated, but their home office is in Illinois. And then under your theory, they're not at home in any state except Illinois. That's true. They are subject to general jurisdiction. The problem is that they write more business in states other than Illinois, and they're more active in states other than Illinois. So how could you say that they're not at home in any of these other states? Well, if they have a principal place of business outside of Illinois, they would be at home in that one state. But in every other state where they do some business, but it's not their principal place of business and it's not their place of incorporation, their number will suit based on their conduct in that state, based on insurance policies that they underwrite in Indiana or Oregon or North Carolina. If something happened there. Yeah. Like if something happened in Illinois as opposed to, where's the warehouse collapse? I can't remember. Michigan. Michigan. So that's not its principal place of business. It's not its place of incorporation. It's not subject to general jurisdiction in Michigan, but it would absolutely be subject to personal jurisdiction there because that's where the incident occurred. Illinois is not where the incident occurred. Illinois is not the state of the plaintiffs. It's not the state of the defendants. This case has absolutely nothing to do with Illinois other than that plaintiffs thought it might be a good place to bring its lawsuit. Aren't those arguments on form and convenience, not on jurisdiction? Oh, they're a ton of excellent arguments on form and on convenience, but I don't think we need to get there because I think the Dymore court pretty clearly said that this case does not belong in Illinois at this time. So I respectfully request unless this court has any further questions that you reverse the trial court. Thank you. Thank you very much. The court wants to thank counsels on a well-briefed manner and well-argued. We're going to take it under advisement.